| UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY | |
|---|---|
| In re:<br><br>SUCCESSFUL ASSET MANAGEMENT, LLC,<br><br>Debtor. | Case No. 17-27132 (KCF)<br><br>Honorable Kathryn C. Ferguson, Chief U.S.B.J.<br><br>Chapter 11 (Small Business) |

**REPLY TO OBJECTION OF ARBORWOOD CONDOMINIUM ASSOCIATION, INC., ARBORWOOD II CONDOMINIUM ASSOCIATION, INC. AND ARBORWOOD III CONDOMINIUM ASSOCIATION, INC. TO DEBTOR'S SECOND AMENDED COMBINED CHAPTER 11 PLAN AND DISCLOSURE STATEMENT**

Successful Asset Management, LLC, debtor and debtor-in-possession ("Debtor"), by and through its counsel, Trenk, DiPasquale, Della Fera & Sodono, P.C., hereby replies to the Objection of Arborwood Condominium Association, Inc., Arborwood II Condominium Association, Inc., and Arborwood III Condominium Association, Inc. (collectively, "Arborwood") to Debtor's Second Amended Combined Chapter 11 Plan and Disclosure Statement as follows:

### PRELIMINARY STATEMENT

Arborwood's Objection is nothing more than baseless allegations about the Debtor and its principal as an attempt to mislead the court, create a red herring, and derail reorganization.

### ARGUMENT

The Debtor addresses each of Arborwood's objections, seriation, as follows:

1. To assume the Debtor filed the Second Amended Plan and Disclosure Statement in bad faith is slander. Debtor's counsel disclosed the alleged "condemnation" issue to the court at several past court hearings. The reason the word "condemnation" was not mentioned in the Second Amended Plan was because upon assumption of the units being condemned, the Debtor is under

the belief that Arborwood will be dissolved and no monies will be due on sale as Arborwood's counsel continues to suggest.

2. The Debtor relies on its statement in paragraph 1.

3. Debtor has not stalled its bankruptcy matter. As a matter of fact, Debtor desires to confirm its plan and attempt to successfully reorganize immediately. Arborwood's allegation that Debtor is colluding with Queen Equities, LLC ("Queen Equities") is meritless.

4. The allegations in paragraph four of the Objection are not true and irrelevant. In fact, these allegations have been addressed by the Debtor weeks ago. As requested by the Court, the Debtor conveyed the following properties: (1095 Voorhees Avenue, Hillside, New Jersey; 26 E. Crystal Lake Avenue, Haddon, New Jersey; and 35 Old Main Shore Road, Barnegat, New Jersey, back into the Debtor's name.

5. The total rent received of $25,517, and $4,000 of cash expenses have been properly reflected in the Statement of Operations on Debtor's May Monthly Operating Report. There are no material misrepresentations in the Debtor's monthly operating reports. A revised rent roll is attached as Exhibit A. An in-depth analysis by the Office of the United States Trustee is unnecessary in connection with the Debtor confirming its plan.

6. Debtor has presented a viable plan and disclosure statement in good faith. The suggestion that Debtor should have remained in a Chapter 7 proceeding is without merit.

7. Debtor agrees with the law provided by Arborwood.

8. Debtor has provided full disclosure in accordance with applicable law.

9. Debtor's Second Amended Plan is confirmable in accordance with applicable law.

10. Debtor has not provided any false, misleading, or fraudulent statements to the Court.

    (a) The properties referenced in paragraph 4 above were conveyed from certain individuals to the Debtor. This is not fraudulent. As stated above, at the Court's direction, the Debtor made sure the properties were conveyed back into the Debtor's estate. The conveyance of properties is a benefit to the Debtor's estate and creditors.

    (b) Arborwood again makes false and misleading statements. All properties that were transferred out of the Debtor have been transferred back into the Debtor's estate and name.

11.     Debtor's statement that it owns 1095 Voorhees Avenue, Hillside, New Jersey; 26 E. Crystal Lake Avenue, Haddon, New Jersey; and 35 Old Main Shore Road, Barnegat, New Jersey is true and accurate.

    (a) Arborwood's references to the 341 meeting of creditors is irrelevant. All properties have been properly transferred back into the Debtor's name. Kevin Gestetner, Debtor's principal, was forthcoming at the 341 meeting of creditors. Arborwood continues to assert misleading statements as an attempt to discredit the Debtor and its principal.

    (b) Again, the properties referenced by Arborwood have been transferred back into the Debtor's name. Prior ownership of the properties, and the relationship to the Debtor, is irrelevant. Although it is not relevant to the court, certain properties were conveyed to Penina Rosenthal to settle a prior debt.

    (c) The transfer of certain property for $1.00 is not relevant as the Debtor corrected this issue and transferred the property back into its estate.

3

(d) Again, Arborwood makes false statements. If Penina Rosenthal knowingly received properties with an existing mortgage, then no one was misled nor harmed. The mortgage runs with the property and it remains in full force and effect.

12. Arborwood represents that the Debtor fails to set forth its liabilities without any disclosure. This is untrue.

    (a) At the time certain properties were pledged to the lienholder, Successful Asset was not a debtor. Successful Asset had no creditors.

    (b) Debtor acknowledges the terms of the Promissory Note.

    (c) Arborwood is correct that no monetary consideration was exchanged. Queen Equities was given collateral which Arborwood's counsel has been aware of as he indicates in paragraph 12d of the Objection.

    (d) Debtor relies on its statements in 12c.

    (e) The Debtor believes its repayment to Queen Equities is fair.

    (f) The Debtor cannot make any representations as to Queen Equities' actions or status as a previous debtor.

    (g) Debtor relies on its statement in 12f.

13. Upon information and belief, Wakefield[1] is not making payments to the Association. The Debtor has always been a financially viable company able to maintain its obligations to the Association. When Mr. Gestetner realized all the improprieties at the association and its conflicted attorney, he challenged the board members on many issues. This was not welcomed well by the Association. While Mr. Gestetner was a board member, somehow he was

---

[1] Upon information and belief, Wakefield has much higher debts owed to Arborwood. Sam Jaffe is the owner of Wakefield. Despite such amounts owed, there have not been any consequences for Wakefield's failure to tender payment. Thus, the Debtor has been discriminated relative to Wakefield.

4

never consulted nor did he ever vote on the numerous debts of certain other unit holders debts being forgiven. Mr. Gestetner confronted the board members as to the practices employed, and was offered units for "free" to remain silent. When Mr. Gestetner confronted the other board members and the association's attorney, the association tried to bully him by enforcing towing tactics on all the Debtor's tenants, the likes of which were never enforced on any other unit owner. Mr. Gestetner attempted numerous times to obtain full disclosure regarding board issues but has been silenced. Namely, per the DCA guidelines, as a unit owner he was entitled to review the books and bank records of the association and all its dealings. On the appointed day for his review, after Mr. Gestetner employed a forensic accountant and computer technician to assist him in downloading and deciphering the various statements the association was to provide, the association produced scant financials. The association also presented an email to Mr. Gestetner by Arborwoods' counsel guiding it that it was not obligated to comply with the demand.

(a) The Debtor acknowledges that it is true that you do not need board approval to own a unit, however, when your currency for acquiring the unit is not cash, but debt forgiveness of old debt, that does require board approval. During the deposition of Dawn Paolilo, representative of Hawkeye (property manager), she testified such non-cash acquisitions were not board approved, however, such acquisitions were ultimately approved. This was just another tactic to stonewall the Debtor.

(b) Debtor is unclear as to what Arborwood is asserting, however, this actually proves the integrity of the Debtor. Mr. Gestetner made full disclosure to the court. The Court agreed it is not fraud when returning property to the estate. There was no bad faith.

(c) This again is intended to mislead the court. The Debtor stopped making payments because there was a systematic subversion and continuous taking of units without board

5

approval, only to benefit Jaffe[2] owned entities. There is no other entity that was ever able to acquire units for forgiveness of debt. It was never discussed at any board meeting. No other unit holders other than the Jaffe's were forgiven late fees and penalties as testified to in the 2004 deposition. The Debtor realized there was heavy handed collection tactics conducted by the association and its attorney with the sole intention not to collect debt but rather to strong-arm, force and coerce unit holders to surrender units "willfully." The units surrendered were not sold at a sheriff sale or public auction to benefit the association (that is in dire straits). Rather, these units were placed in Jaffe controlled entities. The future payments on those units were and are still in question. When the debtor confronted the law firm involved in preparing the discharges of debt not approved by a board; he was stone-walled and was told it was information a board member was not entitled to. The association's attorney was actively involved in collection proceedings while negotiating the "handover" of units to the Jaffe entities.

(d) Arborwood again misleads the court. If the rents are $700 and the association fees are $250 plus taxes and sewer, than penalizing owners with more fees will bankrupt the association quicker. No one would be able to cover the shortfall. Coupled with the fact that so many unit owners have debt forgiven, only a portion of unit owners are paying. The reason why the fees are so high (normal range in this type of unit in this area is about $100 per month) as testified to is that the Jaffe entities are the largest unit owners, and they are subject to special deals, that are never in writing, or approved by the board.

---

[2] "Jaffe" consists of two brothers, Sam and Mike. The Jaffe brothers own Pineridge, other renal unites. Sam Jaffe owns Wakefield. Mike Jaffe is on the Arborwood board. Wakefield owns substantial amounts of money to Arborwood, however, the debt is being forgiven.

This caused tremendous harm to the association. No special assessment was ever presented for non- payment to the Debtor. That is a false statement.

(e) The Debtor disputes Arborwood's claim that it failed to negotiate in good faith.

(f) The Debtor has set forth the best possible solution to resolve its issues with Arborwood.

14. The Debtor does not intend to pursue avoidance actions.

(a) The Promissory Note and Mortgage between Queen Equities and the Debtor is not a sham despite Arborwoods' claims. Queen Equities provided the Debtor with a non-performing note and in exchange, the Debtor provided Queen Equities with a mortgage.

(b) As stated above, the Debtor is not responsible for the statements and/or actions of Queen Equities. The Debtor was not involved with Queen Equities' bankruptcy.

(c) The Debtor did not commit fraud by adding assets back into the estate.

15. The Debtor's unsecured creditor pool consists of Debtor's family members and business acquaintances.

16. Debtor acknowledges that Exhibit A to the Second Amended Plan was attached in error. Debtor's counsel immediately advised Arborwood's counsel of such.

17. Debtor's Second Amended Plan is adequate.

18. Debtor acknowledges the law set forth.

19. Debtor acknowledges the law set forth.

20. Debtor acknowledges the law set forth.

21. Debtor acknowledges the law set forth.

22. Debtor acknowledges the law set forth.

23. Debtor acknowledges the law set forth.

24. Debtor acknowledges the law set forth.

7

25. Debtor acknowledges the law set forth.

26. The Debtor has just recently been made aware of a condemnation redevelopment action by the Borough of Lindenwold. Prior to this, any communications of condemnation have been mere speculation and rumors, however, the Debtor did disclose the possibility of condemnation with the court.

27. The Debtor reserves its right to amend any prior statements.

**TRENK, DiPASQUALE,**
**DELLA FERA & SODONO, P.C.**
347 Mt. Pleasant Avenue, Suite 300
West Orange, NJ 07052
(973) 243-8600
*Attorneys for Debtor/Debtor-in-Possession*

By: /s/ *Anthony Sodono, III*
      Anthony Sodono, III

Dated: August 31, 2018

# EXHIBIT "A"

Case 17-27132-KCF    Doc 107    Filed 08/31/18    Entered 08/31/18 14:07:32    Desc Main
Document    Page 10 of 10

# Rent Roll
## May 2018

| Property | Scheduled Charges | | | Amount Paid | | |
|---|---|---|---|---|---|---|
| | Rent | Non-Rent | Total | Rent | Non-Rent | Total |
| 1004 Arborwood | $700.00 | $0.00 | $700.00 | $700.00 | $0.00 | $700.00 |
| 1114 Arborwood | $700.00 | $0.00 | $700.00 | $900.00 | $0.00 | $900.00 |
| 1214 Arborwood | $725.00 | $0.00 | $725.00 | $725.00 | $0.00 | $725.00 |
| 1303 Arborwood | $700.00 | $0.00 | $700.00 | $1500.00 | $0.00 | $1500.00 |
| 1414 Arborwood | $700.00 | $0.00 | $700.00 | $700.00 | $0.00 | $700.00 |
| 1516 Arborwood | $700.00 | $0.00 | $700.00 | $702.00 | $0.00 | $702.00 |
| 1602 Arbrwood | $700.00 | $0.00 | $700.00 | $0.00 | $0.00 | $0.00 |
| 1613 Arborwood | $700.00 | $0.00 | $700.00 | $700.00 | $0.00 | $700.00 |
| 1710 Arborwood | $700.00 | $0.00 | $700.00 | $0.00 | $0.00 | $0.00 |
| 1713 Arborwood | $700.00 | $0.00 | $700.00 | $700.00 | $0.00 | $700.00 |
| 1801 Arborwood | $700.00 | $0.00 | $700.00 | $0.00 | $0.00 | $0.00 |
| 1804 Arborwood | $700.00 | $0.00 | $700.00 | $700.00 | $0.00 | $700.00 |
| 807 Arborwood | $700.00 | $0.00 | $700.00 | $950.00 | $0.00 | $950.00 |
| 2009 Arborwood | $700.00 | $0.00 | $700.00 | $700.00 | $0.00 | $700.00 |
| 2103 Arborwood | $650.00 | $0.00 | $650.00 | $700.00 | $0.00 | $700.00 |
| 2111 Arborwood | $700.00 | $0.00 | $700.00 | $0.00 | $0.00 | $0.00 |
| 2202 Arborwood | $700.00 | $0.00 | $700.00 | $0.00 | $0.00 | $0.00 |
| 2205 Arborwood | $700.00 | $0.00 | $700.00 | $675.00 | $0.00 | $675.00 |
| 2304 Arborwood | $900.00 | $0.00 | $900.00 | $900.00 | $0.00 | $900.00 |
| 2312 Arborwood | $875.00 | $0.00 | $875.00 | $800.00 | $0.00 | $800.00 |
| 2405 Arborwood | $700.00 | $0.00 | $700.00 | $800.00 | $0.00 | $800.00 |
| 2410 Arborwood | $700.00 | $0.00 | $700.00 | $0.00 | $0.00 | $0.00 |
| 2411 Arborwood | $700.00 | $0.00 | $700.00 | $0.00 | $0.00 | $0.00 |
| 2608 Arborwood | $715.00 | $0.00 | $715.00 | $0.00 | $0.00 | $0.00 |
| 2801 Arborwood | $700.00 | $0.00 | $700.00 | $700.00 | $0.00 | $700.00 |
| 2807 Arborwood | $700.00 | $0.00 | $700.00 | $0.00 | $0.00 | $0.00 |
| 2915 Arborwood | $900.00 | $0.00 | $900.00 | $900.00 | $0.00 | $900.00 |
| 3003 Arborwood | $900.00 | $0.00 | $900.00 | $900.00 | $0.00 | $900.00 |
| 3408 Arborwood | $875.00 | $0.00 | $875.00 | $875.00 | $0.00 | $875.00 |
| 3502 Arborwood | $875.00 | $0.00 | $875.00 | $875.00 | $0.00 | $875.00 |
| 3508 Arborwood | $900.00 | $0.00 | $900.00 | $900.00 | $0.00 | $900.00 |
| 3708 Arborwood | $700.00 | $0.00 | $700.00 | $650.00 | $0.00 | $650.00 |
| 3805 Arborwood | $700.00 | $0.00 | $700.00 | $700.00 | $0.00 | $700.00 |
| 3814 Arborwood | $650.00 | $0.00 | $650.00 | $700.00 | $0.00 | $700.00 |
| 3901 Arborwood | $700.00 | $0.00 | $700.00 | $675.00 | $0.00 | $675.00 |
| 3904 Arborwood | $590.00 | $0.00 | $590.00 | $590.00 | $0.00 | $590.00 |
| 4016 Arborwood | $700.00 | $0.00 | $700.00 | $700.00 | $0.00 | $700.00 |
| 4218 Arborwood | $700.00 | $0.00 | $700.00 | $0.00 | $0.00 | $0.00 |
| 4305 Arborwood | $700.00 | $0.00 | $700.00 | $200.00 | $0.00 | $200.00 |
| 4307 Arborwood | $700.00 | $0.00 | $700.00 | $600.00 | $0.00 | $600.00 |
| 4310 Arborwood | $700.00 | $0.00 | $700.00 | $700.00 | $0.00 | $700.00 |
| 705 Arborwood | $650.00 | $0.00 | $650.00 | $0.00 | $0.00 | $0.00 |
| 706 Arborwood | $700.00 | $0.00 | $700.00 | $700.00 | $0.00 | $700.00 |
| 808 Arborwood | $900.00 | $0.00 | $900.00 | $900.00 | $0.00 | $900.00 |
| 901 Arborwood | $700.00 | $0.00 | $700.00 | $400.00 | $0.00 | $400.00 |
| Grand total | $ 32,805.00 | $ - | $ 32,805.00 | $ 25,517.00 | $0.00 | 25,517.00 |
| | | | | Less expenses paid in cash | | (4,000.00) |
| | | | | | | $ 21,517.00 |